IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE ESTATE OF DENISE SHORT,
BY AND THROUGH KIERRA CALHOUN, AS
ADMINISTRATRIX, AND KIERRA CALHOUN,
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF
DENISE SHORT                                                                                          PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:24-CV-293-HTW-LGI

THE MISSISSIPPI DEPARTMENT OF
CORRECTIONS, BURL CAIN, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES
AS THE COMMISSIONER OF THE
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
JOHN HUNT, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES AS A SUPERINTENDENT
OF THE CENTRAL MISSISSIPPI CORRECTIONAL
FACILITY, TEREDA HAIRSTON, IN HER
INDIVIDUAL AND OFFICIAL CAPACITIES AS A
SUPERINTENDENT OF THE CENTRAL
MISSISSIPPI CORRECTIONAL FACILITY,
BENJAMIN JENNINGS, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES AS AN EMPLOYEE OF THE
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
CORPORAL ANGELA SMITH, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES AS AN EMPLOYEE OF
THE MISSISSIPPI DEPARTMENT OF CORRECTIONS,
VITALCORE HEALTH STRATEGIES, LLC, JASMINE
NELSON, KALIAH ROBINSON, ROSALYNN ALLEN,
WHITNEY A. DIXON, AND JOHN/JANE DOES 1-3
and 12-30, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES AS EMPLOYEES
OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS        DEFENDANTS

**FIRST AMENDED COMPLAINT**

This is a civil action to recover actual, compensatory, punitive, and other damages for the Defendants' violations of Plaintiff's constitutional rights, including but not limited to those rights contained in the Eighth Amendment as an incarcerated individual, including but not limited to, the right to adequate protection against Plaintiff's known

mental health maladies and suicidal impulses. The following is supportive of this cause of action:

## PARTIES

1. The Plaintiff, the Estate of Denise Short, is an estate administered by Kierra Calhoun.

2. The Plaintiff, Kierra Calhoun, is an adult resident citizen of the State of Arizona. She brings this civil action on behalf of the other wrongful death beneficiaries of Denise Short.

3. The Defendant, the Mississippi Department of Corrections is, upon information and belief, an agency, entity, or other such subsidiary of the State of Mississippi and may be served with process by serving the Attorney General of the State of Mississippi or in any other way contemplated by the applicable Rules of Civil Procedure.

4. The Defendant, Burl Cain, is the Commissioner of the Mississippi Department of Corrections, a governmental entity of the State of Mississippi. Defendant Burl Cain may be served with process by service upon his person at 301 N. Lamar Street, Jackson, Mississippi, or by any other method allowed by the applicable Rules of Civil Procedure. Defendant Burl Cain is being sued individually and in his official capacity as the Commissioner of the Mississippi Department of Corrections.

5. The Defendant, John Hunt, was, at the relevant time, a Superintendent of the Central Mississippi Correctional Facility and an employee of the Mississippi Department of Corrections. Defendant John Hunt may be served with process

upon his person at 3794 Mississippi Highway 468 in Pearl, Mississippi, or by any other method contemplated by the applicable Rules of Civil Procedure.

6. The Defendant John Doe 1, is a Mississippi Department of Corrections employee who caused or contributed to the death of Denise Short by suggesting that she commit suicide or, at the least, for making statements indicating Ms. Short should follow through on her suicidal ideations. Given that the identity of John/Jane Doe is currently unknown, the identity of John/Jane Doe 1 will be supplemented and he or she will be named as a party Defendant when his/her identity is confirmed. Defendant John/Jane Doe 1 is being sued individually and in their official capacity as an employee of the Mississippi Department of Corrections.

7. The Defendant, John/Jane Doe 2, is a Mississippi Department of Corrections employee who was deliberately indifferent in the performance of his/her duties when he/she failed to conduct the required checks on Ms. Short in the hours immediately preceding her death. Given the identity of John/Jane Doe is currently unknown, the identity of John/Jane Doe 2 will be supplemented and he or she will be named as a party Defendant when his/her identity is confirmed. Defendant John/Jane Doe 2 is being sued individually and in their official capacity as an employee of the Mississippi Department of Corrections.

8. The Defendant, John/Jane Doe 3, is a Mississippi Department of Corrections employee who was deliberately indifferent in the performance of his/her duties when he/she conducted a delinquent check on Ms. Short, and, upon information and belief, observed Ms. Short was in dire need of help and/or was deceased. John/Jane Doe 3 failed to take any action to assist Ms. Short after observing her hanging in her cell and appears to have simply walked away. Given the identity of

John/Jane Doe is currently unknown, the identity of John/Jane Doe 3 will be supplemented and he or she will be named as a party Defendant when his/her identity is confirmed. Defendant John/Jane Doe 3 is being sued individually and in their official capacity as an employee of the Mississippi Department of Corrections.

9. Tereda Hairston is substituted for Jane Doe 4. The Defendant Tereda Hairston is a Superintendent of the Central Mississippi Correctional Facility and an employee of the Mississippi Department of Corrections. Defendant Tereda Hairston may be served with process upon her person at 3794 Mississippi Highway 468 in Pearl, Mississippi, or by any other method allowed pursuant to the applicable Rules of Civil Procedure. Defendant Tereda Hairston is being sued individually and in her official capacity as a Superintendent of the Central Mississippi Correctional Facility.

10. Benjamin Jennings is substituted for John Doe 5. The Defendant Benjamin Jennings was, upon information and belief, a Deputy Superintendent of the Central Mississippi Correctional Facility and an employee of the Mississippi Department of Corrections. Defendant Jennings may be served with process upon his person at 3794 Mississippi Highway 468 in Pearl, Mississippi, or by any other method allowed pursuant to the applicable Rules of Civil Procedure. Defendant Benjamin Jennings is being sued individually and in his official capacity as the Deputy Superintendent of the Central Mississippi Correctional Facility.

11. Angela Smith is substituted for Jane Doe 6. The Defendant Angela Smith was, upon information and belief, a Corporal at the Central Mississippi Correctional Facility and an employee of the Mississippi Department of Corrections. Defendant

Smith may be served with process upon her person at 3794 Mississippi Highway 468 in Pearl, Mississippi, or by any other method allowed pursuant to the applicable Rules of Civil Procedure. Defendant Angela Smith is being sued individually and in her official capacity as an employee of the Central Mississippi Correctional Facility.

12. VitalCore Health Strategies, LLC is substituted for John Doe 7. VitalCore Health Strategies, LLC is, upon current information and belief, the entity which may provide healthcare services for the Mississippi Department of Corrections, particularly at the Central Mississippi Correctional Facility. VitalCore Health Strategies, LLC is, upon information and belief, a foreign corporation with the State of Kansas as its state of incorporation and principal place of business. VitalCore Health Strategies, LLC may be served with process by and through its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, MS 39110, or by any other method allowed pursuant to the applicable Rules of Civil Procedure.

13. Jasmine Nelson is substituted for Jane Doe 8. Jasmine Nelson was, upon information and belief, a treating medical provider of Denise Short during her time at the Central Mississippi Correctional Facility and was employed by VitalCore. She may be served with process at VitalCore's Mississippi regional office at 805 S. Wheatley Street, Ste. 340, Ridgeland, Mississippi 39157, or wherever she may be found.

14. Kaliah Robinson is substituted for Jane Doe 9. Kaliah Robinson was, upon information and belief, a treating medical provider of Denise Short during her time at the Central Mississippi Correctional Facility and was employed by VitalCore.

She may be served with process at VitalCore's Mississippi regional office at 805 S. Wheatley Street, Ste. 340, Ridgeland, Mississippi 39157, or wherever she may be found.

15. Rosalynn Allen is substituted for Jane Doe 10.  Rosalynn Allen was, upon information and belief, a treating medical provider of Denise Short during her time at the Central Mississippi Correctional Facility and was employed by VitalCore. She may be served with process at VitalCore's Mississippi regional office at 805 S. Wheatley Street, Ste. 340, Ridgeland, Mississippi 39157, or wherever she may be found.

16. Whitney A. Dixon is substituted for Jane Doe 11.  Whitney A. Dixon was, upon information and belief, a treating medical provider of Denise Short during her time at the Central Mississippi Correctional Facility and was employed by VitalCore. She may be served with process at VitalCore's Mississippi regional office at 805 S. Wheatley Street, Ste. 340, Ridgeland, Mississippi 39157, or wherever she may be found.

17. The Defendants, John/Jane Does 12-30 are individuals who may or may not be Mississippi Department of Corrections employees who were negligent/grossly negligent in the performance of his/her duties in various ways which resulted in the violation of the constitutional rights of Denise Short.  Given the identity of John/Jane Does is currently unknown, the identity of John/Jane Does 7-30 will be supplemented and he or she will be named as party Defendants when his/her identities are confirmed.  Defendants John/Jane Doe 7-30 are being sued individually and in their official capacity as an employee of the Mississippi Department of Corrections.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 (Federal Question) and 28 U.S.C. § 1343(a)(3) (Civil Rights).

19. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. § 1391, since the Defendants reside in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

20. During March 2024, and at the time of her death, Denise Short was serving a sentence of ten (10) years and was held in the care of the Mississippi Department of Corrections at the Central Mississippi Correctional Facility as an inmate.

21. Ms. Short was incarcerated at the Central Mississippi Correctional Facility on or about December 28, 2023.

22. During her time within the custody and control of the Mississippi Department of Corrections, Ms. Short suffered from various psychological issues and mental health conditions, which were clearly and repeatedly made well known to officials and/or employees with the Mississippi Department of Corrections and VitalCore.

23. Ms. Short told numerous Mississippi Department of Corrections and VitalCore officials and employees that she was suffering psychologically, including but not limited to, advising them that she was suicidal.

24. Defendant Jennings, together with Defendant Hairston, together with other Mississippi Department of Corrections and VitalCore employees were well aware of Ms. Short's conditions. Defendant Jennings, together with Defendant Hairston and other MDOC employees, failed and/or refused to adequately assist Ms. Short

and, perhaps, even worsened her distress in a myriad of ways, including but not limited to pepper spraying Ms. Short during a mental health crisis.

25. Ms. Short had requested mental health assistance numerous times in the days prior to her death. Her mental condition appears to have continually deteriorated in the days immediately preceding her death. She was continuously denied meaningful access to appropriate mental health assistance or medical care.

26. Defendants have violated the constitutional rights of Ms. Short by utterly and completely failing to adequately recognize and/or respond to her tenuous mental health condition.

27. Ms. Short has requested that she be placed in a "suicide room," in the days preceding her death, which clearly indicates that she was having suicidal ideations. Ms. Short's request for help was actually or constructively denied.

28. In the days/hours preceding her death, Ms. Short advised John/Jane Doe 1, a Mississippi Department of Corrections employee whose identity is currently unknown, that she was going to take her own life. In response to Ms. Short's statement, upon information and belief, John/Jane Doe 1, rather than immediately seeking mental health assistance for Ms. Short, advised her to "do what you have to do."

29. Upon information and belief, the day preceding her death, Ms. Short was placed in a segregation cell at the Central Mississippi Correctional Facility. Upon information and belief, this cell was a solitary cell. Upon information and belief, this cell contained items which posed a danger to Denise Short and which she ultimately used to hang herself.

30. At this point, it was or should have been well known to Mississippi Department of Corrections, VitalCore, and their respective employees that Ms. Short was suffering mentally and that she was suicidal.

31. Regardless of the fact that she was suicidal, and that the Mississippi Department of Corrections and VitalCore knew or should have known of her acute mental distress, Ms. Short was left alone without supervision and without being monitored at all, much less adequately, by Mississippi Department of Corrections and Vitalcore employees and officials in her cell.

32. Upon information and belief, the last time that a Mississippi Department of Corrections or VitalCore employee checked on Ms. Short was between 4:00 p.m. and 5:00 p.m. on March 19, 2024.  John/Jane Doe 2, and potentially other employees of the Mississippi Department of Corrections and/or VitalCore, failed or refused to conduct adequate checks to ensure the safety of Ms. Short.

33. It appears Ms. Short was found hanging by her neck in her cell at approximately 8:00 a.m. on March 20, 2024.  She was deceased, having apparently taken her own life using a bedsheet provided to her by the Mississippi Department of Corrections.

34. Upon information and belief, John/Jane Doe 3, an employee of the Mississippi Department of Corrections who identity is currently unknown, viewed Ms. Short at approximately 6:00 a.m. through a small slit in the cell door and stated she was "standing."  John/Jane Doe 2, rather than ensuring the safety of Ms. Short, simply viewed her as "standing" and left her cell.  As it turns out, what John/Jane Doe 2 viewed was not Ms. Short "standing," but, rather, hanging by her neck from a bedsheet provided to her by the Mississippi Department of Corrections.  No aid

was rendered at this time and John/Jane Doe 2 simply left Ms. Short's cell, with her hanging by her neck inside.

35. Between the last check by a Mississippi Department of Corrections employee between 4:00 and 5:00 p.m. on March 19, 2024, and the time she was discovered deceased at after 8:00 a.m. on March 20, 2024, no Mississippi Department of Corrections employee checked on Ms. Short at all, with the exception of John/Jane Doe 2 as mentioned above, who utterly failed in his/her duties to ensure the safety of Ms. Short, much less in compliance with the established policies and procedures for inmate checks set forth by the Mississippi Department of Corrections.

36. In addition to the above-mentioned failures, the Mississippi Department of Corrections failed to ensure that Ms. Short's cell did not contain item(s) which she could use to harm herself.  Ms. Short hung herself with a bedsheet provided to her by the Mississippi Department of Corrections.  Obviously, the Mississippi Department of Corrections knew or should have known that bedsheets may be used to hang oneself; however, it provided the same to Ms. Short, even though it and its employees knew or should have known that Ms. Short was suicidal.

37. Additionally, Ms. Short appears to have penned a suicide note prior to her death. The Mississippi Department of Corrections provided the writing utensils used by Ms. Short to a clearly suicidal inmate.  This suicide note has not been provided to the family of Denise Short as of the filing of this *Amended Complaint*, but is known to exist.

38. The Mississippi Department of Corrections, VitalCore, and their employees and/or officials utterly failed Denise Short, in part, by failing to take action following her

repeated cries for mental health assistance and by failing to do anything other than encourage her to follow through when she advised she was suicidal.

39. The shortcomings or blatant failures of the Mississippi Department of Corrections and VitalCore to provide for even the most basic of human rights are well documented, including as recently as February 28, 2024 when the United States Department of Justice issued its findings following its Investigation of Central Mississippi Correctional Facility, South Mississippi Correctional Institution, and Wilkinson County Correctional Facility.[1]

## **CAUSE OF ACTION—EIGHTH AMENDMENT VIOLATION UNDER SECTION 1983 AGAINST ALL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

40. Denise Short, an incarcerated individual under the care and control of the Mississippi Department of Corrections, had a constitutional right, including but not limited to under the Eighth Amendment, to adequate protections as an inmate under the care, custody, and control of the Mississippi Department of Corrections, in part against her known suicidal impulses. Specifically, but not exclusively, Short had a clearly established right to receive meaningful and competent medical treatment for her known mental health conditions during her incarceration.

41. Denise Short was deprived of her clearly established constitutional rights when her requests for meaningful and competent mental health treatment and medical care were actually or constructively denied by Mississippi Department of Corrections and/or VitalCore and their employees, including but not limited to Denise Short's

---

[1] *See* Exhibit "A".

explicit requests to be put in a "suicide room" in the days prior to her death and the complete failure to recognize and/or adequately treat Ms. Short's deteriorating mental health condition. Upon information and belief, Denise Short had been placed in the "suicide room" on prior occasions and she had made known her suicidal ideations to MDOC and VitalCore through their employees. The officials and staff of Central Mississippi Correctional Facility and VitalCore knew or should have known of Denise Short's suicidal ideations and impulses. These employees were acting under the color of state law when they deprived Denise Short of her constitutional right to adequate mental health treatment.

42. Upon information and belief, VitalCore has a policy or custom of not providing adequate mental healthcare to inmates and/or its policies or customs are constitutionally inadequate. These policies and/or customs were the cause or the moving force behind the subject Eighth Amendment violations.

43. VitalCore and its employees, including but not limited to Jasmine Nelson, Kaliah Robinson, Rosalynn Allen, and Whitney A. Dixon violated the constitutional rights of Ms. Short by failing to effectively or appropriately respond to, recognize, or take seriously her mental health condition, which directly led to her suicide. VitalCore employees, including but not limited to, Jasmine Nelse, Kaliah Robinson, Rosalynn Allen, and Whitney A. Dixon, were acting under state law when they committed these constitutional violations as they were acting with authority provided to them by the State of Mississippi and MDOC.

44. Denise Short advised John/Jane Doe 1, an employee at the facility, in the time shortly before her death, that she was going to commit suicide. Rather than provide Denise Short with appropriate, meaningful, and competent medical

treatment, John/Jane Doe 1 made a statement which could be construed as encouraging Denise Short to kill herself. Denise Short's call for help to John/Jane Doe 1 evidenced that Denise Short had a clearly established right to appropriate, meaningful, and competent mental health services, including but not limited to preventative suicide measures, of which John/Jane Doe 1 unreasonably deprived her. John/Jane Doe 1 acted with deliberate indifference and conscious disregard to Short's rights when they denied her access to appropriate, meaningful, and competent medical treatment and services.

45. John/Jane Doe 2, and potentially other unknown employees of the Mississippi Department of Corrections, failed to perform necessary checks on Denise Short while she was kept in a solitary cell in the days/hours preceding her suicide. Upon information and belief, this was in violation of MDOC's own policies regarding suicide checks and/or solitary confinement checks or even the most basic of routine checks. John/Jane Doe 2's, and other employees', failures to follow MDOC's own policies and perform regular checks on Denise Short while she was in a solitary cell and had previously expressed suicidal ideations, caused and/or contributed to her death. The failure to perform such checks was in violation of her clearly established constitutional rights, including but not limited to her Eighth Amendment rights. John/Jane Doe 2, and potentially other MDOC employees, acted with deliberate indifference, and conscious disregard, to Short's rights when they denied her access to mental health treatment and services by failing to perform requisite checks.

46. Following Denise Short's suicide, John/Jane Doe 3, an employee at the facility, observed Denise Short's lifeless body hanging in her cell, but appears to have

believed her to be standing and therefore did not offer potentially life-saving medical treatment. Stated differently, John/Jane Doe 3 failed to do anything other than cursorily observe Denise Short, much less conduct a meaningful safety check. The Eighth Amendment granted Denise Short a clearly established constitutional right to receive necessary medical treatment during her time of confinement. John/Jane Doe 2's failure to render aid to Denise Short at or around 6:00 a.m. on March 20, 2024 was an objectively unreasonable deprivation of Denise Short's clearly established constitutional rights, including but not limited to under the Eighth Amendment, to adequate, competent, and meaningful medical treatment. John/Jane Doe 3 acted with deliberate indifference and conscious disregard to Short's rights when they did not conduct an adequate safety check and render necessary medical aid.

47. The actions/inactions of the named Defendants, along with the potential unknown employees of the Mississippi Department of Corrections and VitalCore sued herein as John/Jane Does 12-30, constitute deliberate indifference as to the constitutional rights of Denise Short. These actions/inactions caused and/or contributed to Denise Short's death as she was deprived of adequate, meaningful, and competent mental health treatment by these individuals and succumbed to her suicidal ideations.

48. Defendants had a subjective awareness of the prevalent dangers at the Central Mississippi Correctional Facility and were aware of the deadly risks of 1) overuse of solitary confinement; 2) failure to provide preventative care to voiced suicide concerns; and 3) failure to ensure the required checks were completed relative to the inmates housed at this facility, both in accordance with established Mississippi

Department of Corrections procedures, other applicable procedures and/or guidelines, and even common sense.

49. The Mississippi Department of Corrections, including but not limited to Burl Cain, John Hunt, and Tereda Hairston as official policy makers, participated in these constitutional wrongdoings performed by other Defendants, as employees of the Mississippi Department of Corrections, by knowing such constitutional deprivations occur at the Central Mississippi Correctional Facility and by failing to take necessary steps and/or measures to prevent them. The Mississippi Department of Corrections, including but not limited to Burl Cain, John Hunt, and Tereda Hairston as official policy makers, knew or should have known that dangerous conditions existed, and continue to exist, at the Central Mississippi Correctional Facility, including but not limited to gross understaffing, leading to inadequate supervision and harm to inmates.

50. The Mississippi Department of Corrections, including but not limited to Burl Cain, John Hunt, and Tereda Hairston as official policy makers, knew or should have known that their subordinates failed to follow proper suicide/solitary confinement policies by failing to perform regular and necessary checks and by failing to provide access to adequate, meaningful, and competent medical care on a frequent basis at the Central Mississippi Correctional Facility. Such disregard to these problems constitutes deliberate indifference.

51. Defendants' deprivation of the inmates' constitutional rights is too prevalent in MDOC facilities, such constitutional inadequacies have become the norm and practice in Mississippi prisons. The Mississippi Department of Corrections, including but not limited to Defendants Burl Cain, John Hunt, and Tereda

Hairston as official policymakers, have allowed such deprivations to become a custom, policy, and practice in Mississippi prisons due to their inactions in the face of known, serious issues. These inactions and promulgations of issues including, but are not limited to, MDOC's gross understaffing in its prisons, failure to train employees to ensure the constitutional rights of inmates are protected, failure to train employees to recognize and provide necessary medical and mental health treatment, failure to train employees in other ways, failure to enforce MDOC policies regarding mental health and medical treatment, failure to follow MDOC and other policies regarding supervision of inmates, and the over or improper use of solitary confinement and restrictive housing.

52. The Mississippi Department of Corrections, including but not limited to Burl Cain, John Hunt, and Tereda Hairston as official policy makers, have created a condition of confinement that violates the Eighth Amendment in the Central Mississippi Correctional Facility by continually placing inmates in unnecessary and dangerous confinement conditions and by otherwise failing to ensure the safety of inmates as stated herein and in other ways which may be learned and/or confirmed as discovery progresses. The Mississippi Department of Corrections, including but not limited to Burl Cain, John Hunt, and Tereda Hairston as official policy makers, are aware of the risks of such a policy and have acted with deliberate indifference in their failure to remedy these known issues.

53. Defendants VitalCore and its employees, including but not limited to Jasmine Nelson, Kaliah Robinson, Rosalynn Allen, and Whitney A. Dixon are also guilty of negligence, gross negligence, acting with willful and wanton disregard and deliberate indifference based upon the aforementioned facts and allegations.

Therefore, in addition to the claims arising under the authorities mentioned *supra*, the Plaintiff also brings claims against all Defendants based in negligence, gross negligence, acting with willful and wanton disregard and deliberate indifference.

54. Plaintiff prays for the following damages in an amount to be determined by the trier of fact and for other relief as follows:

    a. Damages for Denise Short's future loss of income, medical expenses, and funeral expenses;

    b. Damages for Denise Short's physical pain and suffering;

    c. Damages for the loss of enjoyment of life which Denise Short suffered and the suffering occasioned by her recognition of her impending death at the hands of the Defendants;

    d. Compensatory damages for emotional distress, suffering, and mental anguish which Denise Short suffered;

    e. Compensatory damages to Denise Short's wrongful death beneficiaries for the loss of affection and companionship of their relative;

    f. Punitive damages against the individual John/Jane Doe Defendants;

    g. Reasonable attorney's fees;

    h. Reasonable costs and expenses; and

    i. Any other element of damage to which they are entitled.

55. Plaintiff also demands a trial by jury on all issues so triable.

Respectfully submitted, this the 30th day of September, 2024.

> THE ESTATE OF DENISE SHORT, BY AND THROUGH KIERRA CALHOUN, AS ADMINISTRATRIX AND KIERRA CALHOUN,

        ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DENISE SHORT

        BY: */s/ Jenessa Carter Hicks*
        David E. Rozier, Jr. (MSB #5712)
        Jenessa Carter Hicks (MSB #103287)
        Victor Bishop (MSB #106099)
        E. Claire Scott (MSB #106519)
        Rozier Legal
        1328 North Lamar Blvd., Ste. 104
        PO Box 2388
        Oxford, MS  38655
        Telephone:   662-214-5282
        Email: dave@rozierlegal.com
               jenessa@rozierlegal.com
               vic@rozierlegal.com
               claire@rozierlegal.com
        *Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, the undersigned, one of the attorneys of record for the Plaintiffs, do hereby certify that I have this day filed the foregoing pleading via ECF, which sent notice of such filing to all counsel of record.

This the 30th day of September, 2024.

        */s/ Jenessa Carter Hicks*
        Jenessa Carter Hicks