IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE ESTATE OF DENISE SHORT,
BY AND THROUGH KIERRA CALHOUN,
AS ADMINISTRATRIX, AND KIERRA CALHOUN,
ON BEHALF OF THE WRONGFUL DEATH
DENEFICIARIES OF DENISE SHORT                                    PLAINTIFF

VS.                                CIVIL ACTION NO. 3:24-CV-00293-HTW-LGI

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
BURL CAIN, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES AS THE COMMISSIONER OF THE
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
JOHN HUNT, IN HIS INDIVIDUAL, ET AL                              DEFENDANTS

## ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

COME NOW, Defendants, Mississippi Department of Corrections, Burl Cain, and John Hunt, in their individual and official capacities, and submit their Answer and Defenses to Plaintiff's [CM/ECF Doc. 17] First Amended Complaint and would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Plaintiff's First Amended Complaint fails to state facts against Defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRD DEFENSE

Defendants assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FOURTH DEFENSE

Defendants are entitled to qualified immunity as to the claims asserted against them in their individual capacities. Defendants assert that Plaintiff's First Amended Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, Defendants' conduct was objectively reasonable.

## FIFTH DEFENSE

Insofar as any state-law claims are concerned, Defendants invoke every privilege, immunity, restriction, and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

## SIXTH DEFENSE

Defendants deny that they have been guilty of any actionable conduct.

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, Defendants respond to the allegations of Plaintiff's First Amended Complaint, paragraph by paragraph:

## PARTIES

1. Admitted, upon information and belief.

2. Admitted, upon information and belief.

3. It is admitted that Plaintiff has sued the party set forth as defendant in Paragraph 3. It is denied that this party is a proper defendant to this lawsuit. Any allegations set forth in ¶ 3 of the First Amended Complaint that are not specifically admitted are denied.

4. It is admitted that Burl Cain is the Commissioner of the Mississippi Department of Corrections. It is denied that he is a proper defendant to this lawsuit. Any allegations set forth in ¶ 4 of the First Amended Complaint that are not specifically admitted are denied.

5. It is admitted that John Hunt is the Superintendent of the Central Mississippi Correctional Facility though only for the men's section of the prison. It is denied that he is a proper defendant to this lawsuit. Any allegations set forth in ¶ 5 of the First Amended Complaint that are not specifically admitted are denied.

6. The allegations contained in ¶ 6 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

7. The allegations contained in ¶ 7 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

8. The allegations contained in ¶ 8 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

9. The allegations contained in ¶ 9 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

10. The allegations contained in ¶ 10 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

11. The allegations contained in ¶ 11 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

12. The allegations contained in ¶ 12 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

13. The allegations contained in ¶ 13 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

14. The allegations contained in ¶ 14 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

15. The allegations contained in ¶ 15 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

16. The allegations contained in ¶ 16 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

17. The allegations contained in ¶ 17 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants.

## JURISDICTION AND VENUE

18. Defendants admit that this court has subject matter jurisdiction over federal law claims.

19. Defendants admit that venue is proper.

## FACTUAL BACKGROUND

20. Defendants admit that Short was serving a sentence of ten years. Defendants admit that Short was housed at the Central Mississippi Correctional Facility as an inmate.

21. Defendants admit that Short was incarcerated at CMCF on December 28, 2023.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied as stated though it is admitted that Short had been temporarily placed in a segregation cell due to several disciplinary infractions.

30. Denied.

31. Denied.

32. Denied.

33. Denied as stated. Defendants admit that Short hanged herself. Defendants admit that she was discovered during the morning of March 20, 2024.

34. Denied.

35. Denied.

36. Denied.

37. Denied as stated. It is denied that Short was clearly suicidal.

38. Denied.

39. Denied. Defendants would also state that the referenced report speaks for itself.

## CAUSE OF ACTION – EIGHTH AMENDMENT VIOLATION UNDER SECTION 1983 AGAINST ALL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

40. Except to state that the law, where applicable, will speak for itself, Defendants deny the allegations contained in ¶ 40 of Plaintiff's First Amended Complaint.

41. Denied.

42. The allegations contained in ¶ 42 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants. To the extent that an answer is deemed required, and to the further extent that that allegations are construed to adversely affect Defendants, the allegations are denied.

43. The allegations contained in ¶ 43 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants. To the extent that an answer is deemed required, and to the further extent that that allegations are construed to adversely affect Defendants, the allegations are denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. The allegations contained in ¶ 53 of Plaintiff's First Amended Complaint are directed to others and therefore require no response from Defendants. To the extent that an answer is deemed required, and to the further extent that that allegations are construed to adversely affect Defendants, the allegations are denied.

54. It is denied that Plaintiff is entitled to the relief requested or any relief whatsoever.

55. Admitted that Plaintiff has demanded a jury trial.

## SEVENTH DEFENSE

Defendants' actions complied with and furthered compelling state interests, proper correctional procedures and were always performed in good faith.

## EIGHTH DEFENSE

Defendants reserve the right to seek leave to amend their Answer and Defenses to add defenses that may be warranted by the facts as they become known.

## NINTH DEFENSE

Defendants have a right to and affirmatively plead their immunity from suit, including, but not limited to, immunity recognized by the Eleventh Amendment.

## TENTH DEFENSE

Defendants have a right to and affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## ELEVENTH DEFENSE

Defendants have a right to and affirmatively plead their state law immunity defenses to suit and liability in this cause, including relief from discovery procedures.

## TWELFTH DEFENSE

Defendants specifically deny that they have willfully violated any law in any way or respect whatsoever and deny that they are liable to Plaintiff as alleged in the First Amended Complaint in any amount or sum whatsoever.

## THIRTEENTH DEFENSE

Under Fed. R. Civ. P. 8(b), Defendants deny all allegations asserted by Plaintiff against them in the First Amended Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive, and disproportionate punishment that serves no legitimate governmental interest.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendants would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## SEVENTEENTH DEFENSE

Defendants cannot be held vicariously liable in this action. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691–95 (1978).

## EIGHTEENTH DEFENSE

Defendants assert, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

## NINETEENTH DEFENSE

Defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent it may be found to apply.

### TWENTIETH DEFENSE

Other causes or conditions, not attributable to Defendants, and for which Defendants are not liable or responsible, are the sole proximate cause or proximate contributing cause of the incident or any damages sustained by Short.

### TWENTY-FIRST DEFENSE

The incident and any injuries or damages sustained by the Short, were solely and proximately caused or contributed to by an intervening or superseding cause attributable to persons, entities, or events of which answering defendant had neither control, right to control, duty to control nor any other legal relationship whatsoever.

### TWENTY-SECOND DEFENSE

Defendants would state that no act or omission on their part was the proximate cause of Plaintiff's damages and that no act or omission on their part contributed to cause Plaintiff's damages, as alleged, and demand strict proof thereof.

And now, having fully answered the allegations of Plaintiff's [CM/ECF Doc. 17] First Amended Complaint and having set forth their defenses thereto, Defendants deny that Plaintiff is entitled to any relief against them in any form or amount, whatsoever, and hereby move the Court for entry of an order and final judgment dismissing this cause of action against them with prejudice, with all costs assessed to Plaintiff. Finally, Defendants move for general and such other relief as the Court deems appropriate.

DATE: OCTOBER 14, 2024

          MISSISSIPPI DEPARTMENT OF CORRECTIONS, BURL CAIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES AS COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS, and JOHN HUNT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

          LYNN FITCH
Attorney General of Mississippi

*/s/ James H. Hall*
Special Assistant Attorney General
Mississippi Bar No. 100303
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3815
E-mail: James.Hall@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This the 14th day of October 2024.

          */s/ James H. Hall*