IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

THE ESTATE OF DENISE SHORT,
BY AND THROUGH KIERRA CALHOUN, AS
ADMINISTRATRIX, AND KIERRA CALHOUN,
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF
DENISE SHORT                                                                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:24-CV-293-HTW-LGI

THE MISSISSIPPI DEPARTMENT OF
CORRECTIONS, BURL CAIN, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES
AS THE COMMISSIONER OF THE
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
JOHN HUNT, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES AS A SUPERINTENDENT
OF THE CENTRAL MISSISSIPPI CORRECTIONAL
FACILITY, TEREDA HAIRSTON, IN HER
INDIVIDUAL AND OFFICIAL CAPACITIES AS A
SUPERINTENDENT OF THE CENTRAL
MISSISSIPPI CORRECTIONAL FACILITY,
BENJAMIN JENNINGS, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES AS AN EMPLOYEE OF THE
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
CORPORAL ANGELA SMITH, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES AS AN EMPLOYEE OF
THE MISSISSIPPI DEPARTMENT OF CORRECTIONS,
VITALCORE HEALTH STRATEGIES, LLC, JASMINE
NELSON, KALIAH ROBINSON, ROSALYNN ALLEN,
WHITNEY A. DIXON, AND JOHN/JANE DOES 1-3
and 12-30, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES AS EMPLOYEES
OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS     DEFENDANTS

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE IN
OPPOSITION TO DEFENDANTS THE MISSISSIPPI DEPARTMENT OF
CORRECTIONS, COMMISSIONER BURL CAIN, JOHN HUNT, TEREDA
HAIRSTON, BENJAMIN JENNINGS, AND ANGELA SMITH'S
MOTION TO DISMISS**

---

COME NOW, Plaintiffs, The Estate of Denise Short, by and through Kierra Calhoun, as

Administratrix, and Kierra Calhoun, on behalf of the Wrongful Death Beneficiaries of Denise

Short, by and through her undersigned counsel, and file this their Memorandum in Support of

their Response in Opposition to The Mississippi Department of Corrections, Commissioner Burl Cain, John Hunt, Tereda Hairston, Benjamin Jennings, And Angela Smith's, (hereinafter referred to as "the MDOC Defendants"), Motion to Dismiss. In support thereof, Plaintiffs submit the following:

## **STANDARD OF REVIEW**

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing the complaint, a court must "draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party." *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017).

## **LAW AND ARGUMENT**

### I. **THE MDOC DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY**

The MDOC Defendants have generally alleged that they, in their individual capacities, are entitled to qualified immunity. [Doc. #47, p. 9]. The existence of qualified immunity is evaluated under a two-prong analysis: (1) "whether a constitutional right would have been violated on the facts alleged" and (2) "whether the right was clearly established." *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002). Furthermore, "[e]ven if an official's conduct violates a clearly established right, he is entitled to qualified immunity if the conduct was objectively reasonable." *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992). Under the present circumstances, Plaintiffs have pled, with specific allegations, that the MDOC Defendants violated clearly established law, and that the MDOC Defendants' actions were objectively unreasonable. Thus, they are not entitled to qualified immunity.

As an incarcerated individual, Denise Short was protected by the Eighth Amendment's prohibition on cruel and unusual punishment. *Stevenson v. Tocé*, 113 F.4th 494, 502 (5th Cir. 2024). This protection has been interpreted to include a duty for prison officials that inmates

receive adequate medical care. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To succeed on a § 1983 claim based on a violation of that duty, "a prisoner must show that the officials acted with deliberate indifference." *Id.* (quoting *Farmer*, 511 U.S. at 834)). This requires an allegation that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (citations omitted). The present Plaintiffs have done just that, alleging in their First Amended Complaint that the MDOC Defendants knew of Denise Short's suicidal ideations and serious mental health conditions, that they ignored her requests for mental health treatment, including being placed in a "suicide room," and that they failed to perform adequate mental health checks on her when she was placed in a segregation cell. [Doc. #17]. Each of these allegations supports a showing of deliberate indifference as to an Eighth Amendment violation.

However, Plaintiffs must also show that the MDOC Defendants violated a clearly established right of Denise Short. Such a showing involves "point[ing] this [C]ourt to a legislative directive or case precedent that is sufficiently clear such that every reasonable official would have understood that what he was doing violates that law." *Id.* (quoting *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020)). Though a "plaintiff need not show that 'the very action in question has previously been held unlawful.'" *Id.* (citations omitted). Put simply, the crux of the clearly-established inquiry is "fair warning." *Id.* (citations omitted). It is well-settled law that "suicide is an objectively serious harm implicating the state's duty to provide adequate medical care," and thus, inmates have a clearly established right to receive treatment for voiced suicidal ideations and other similar known mental health concerns. *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) (citing *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996)). This also includes the right to proper supervision of inmates. Denise Short, while in the segregation cell was not adequately supervised, which led to her death. Denise Short was found hanging in her cell on the morning of March 20, 2024 at approximately 8:00 a.m. Upon information and belief, this means

that she was not checked on by MDOC staff since sometime between 4:00 and 5:00 the evening before. [Doc. #17, ¶¶ 32-34]. The United States Department of Justice investigated MDOC for this very issue and found that it contributed to the constitutional violations of inmates, putting the MDOC Defendants on notice of this clearly established law. [*Id.* at ¶ 39]. Therefore, the failure of the MDOC Defendants to ensure that Denise Short received adequate treatment for her suicidal ideations and mental health crisis constitutes a violation of a clearly established law and was objectively unreasonable, and the MDOC Defendants are not entitled to qualified immunity.

## II. PLAINTIFFS' FIRST AMENDED COMPLAINT IS NOT A SHOTGUN PLEADING

Defendants have alleged that Plaintiffs failed to "plead specific facts" about the actions of the MDOC Defendants that caused Short's suicide. [Doc. #47, p. 10]. Specifically, Defendants argue that Plaintiffs leave them and the Court to "guess at exactly what action each Defendant did" in a "shotgun" pled Complaint. [*Id.* at p. 11]. As Defendants note, "[w]hat makes a pleading an objectionable 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067-DMB-JMV, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014) (quoting *Martinez v. Nueces Cnty., Tex.*, No. 2:13-CV-178, 2013 WL 6190519, at *4 (S.D. Tex. Nov. 26, 2013)). Such pleadings also require the "trial court [to] sift out irrelevancies, a task that can be quite onerous." *Sahlein*, 2014 WL 3046477, at *3 (citation omitted).

The subject First Amended Complaint contains no such irrelevancies and requires no sifting whatsoever by this Court or the MDOC Defendants. It is replete with specific factual allegations and tells the story of Denise Short. The First Amended Complaint walks through Denise Short's mental health conditions during her time at Central Mississippi Correctional Facility. [Doc. #17]. Specifically, the First Amended Complaint in its factual background section alleges: Denise Short was serving a sentence of 10 years at the Central Mississippi Correctional Facility, a MDOC facility [*Id.* at ¶¶ 20-21]; Denise Short advised numerous MDOC Defendants of

4

her mental state and suicidal ideations prior to her death, including but not limited to, requesting mental health assistance such as placement in a "suicide room" [*Id.* at ¶ 23,25,27, 38]; the MDOC Defendants denied these requests [*Id.* at ¶¶ 25, 27]; Denise Short explicitly told an unknown MDOC employee that she was going to commit suicide and this employee did nothing about it [*Id.* at ¶ 28, 38]; the day before her suicide, Denise Short was placed in a segregation cell, which contained items that posed a danger to her [*Id.* at ¶ 29, 36]; neither the MDOC or VitalCore Defendants monitored Denise Short while she was in the segregation cell, even though they knew, or should have known, of Short's acute mental distress at that time [*Id.* at ¶¶ 30-32, 35]; Denise Short was found hanging in her cell at approximately 8:00 a.m. on March 20, 2024, deceased, evidently having taken her own life using a bedsheet in her cell [*Id.* at ¶ 33]; at approximately 6:00 a.m. on the day of her death, Denise Short was observed "standing" in her cell, through a small slit in the cell door, by an unknown MDOC employee, who did not perform an adequate check on Denise Short as such would have revealed that Short was actually hanging in her cell [*Id.* at ¶ 34]; and that the United States Department of Justice had an ongoing investigation into the Central Mississippi Central Facility for its failure to provide the most basic human rights to its inmates, like Denise Short. [*Id.* at ¶ 39]. The First Amended Complaint then realleges these facts, in detail, as it discusses the constitutional violations committed by the defendants. [*Id.* at ¶¶ 40-53]. None of these allegations are irrelevant nor do they require "sifting through" by this Court or any of the Defendants, and Plaintiffs' Complaint is not a shotgun pleading. *See Martinez*, 2013 WL 6190519, at *3 ("[p]laintiffs have not run afoul of any rule precluding 'shotgun pleadings' because they have not muddied their Complaint with complicated, irrelevant, extraneous, or confusing facts that must be collated with respect to their statement of legal claims."). The First Amended Complaint is abundantly clear and is concisely written. Any assertion that the First Amended Complaint is a "shotgun pleading" is clearly misplaced.

Moreover, the purpose of *Federal Rule of Civil Procedure* 8 "is to give a defendant fair notice of the plaintiff's claim and the grounds upon which plaintiff relies." *St. Paul Mercury Ins.*

5

*Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000) (citations omitted). And the purpose of the prohibition on shotgun pleadings is because shotgun pleadings fail to give defendants such notice. *Thomas v. University of Mississippi*, No. 3:18-cv-00062-GHD-RP, 2018 WL 6613807, at *5 (N.D. Miss. Dec. 17, 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). In *Thomas*, the complaint was found to be a "shotgun pleading" as it first "reallege[d]and reincorporate[d] by reference all of the factual allegations into each count...[making it] impossible to identify which facts support which cause of action." *Id.* at *5. The *Thomas* complaint also "assert[ed] each cause of action against every [d]efendant." *Id*. Thus, the court could not "determine whether [the plaintiff] ha[d] stated a cause of action against any [d]efendant because he [did] not identif[y] what conduct by each [d]efendant support[ed] what claim." *Id*. However, that is not true in the present case. Here, not only do the MDOC Defendants have clear notice as to the Plaintiffs' claims, they are also walked through **step by step**, in great detail, as to the specific factual allegations giving rise to the claims. The Plaintiffs in this action did not incorporate by reference their factual allegations into the causes of action but rather detailed the particular facts which supported the various claims against the various Defendants. [Doc. #17]. The present Plaintiffs additionally delineated between the entity Defendants throughout the factual background and cause of action sections, and delineated between named, individual Defendants, when their identities were known. [*Id*.]. Therefore, Plaintiffs have provided ample and adequate notice to the Defendants in this matter as it is clear which claims, and their supporting facts, are asserted against the MDOC Defendants and the VitalCore Defendants. Further, it is important to note that, unlike the *Thomas* complaint, the subject Complaint contains causes of action that occurred within a single facility, in which all of the Defendants were working in, or involved in the management of, which would tend to result in many of the same facts supporting the same causes of action against all of the Defendants. In other words, all causes of action arose as a single set of operative facts. As such, Plaintiffs' Complaint cannot be said to assert only "blanket allegations" via a "shotgun pleading."

The MDOC Defendants also assert that Plaintiffs' "shotgun pleading" fails to "allege specific conduct giving rise to a constitutional violation." [Doc. #47, p. 12]. This assertion is without merit. Plaintiffs have alleged that Denise Short was entitled to certain Eighth Amendment protections as an incarcerated individual, such as the "right to receive meaningful and competent medical treatment for her known mental health conditions." [Doc. #17, ¶ 40]. And Plaintiffs have alleged that certain MDOC Defendants violated those rights, including but not limited to: John/Jane Doe 1 ignoring a suicidal ideation made by Denise Short [*Id.* at ¶ 44]; John/Jane Doe 2 failing to perform checks on Denise Short while she was in a segregation cell and was experiencing suicidal ideations [*Id.* at ¶ 45]; John/Jane Doe 3 failing to adequately check Denise Short's cell, which would have revealed to John/Jane Doe 3 that Short was hanging by her neck [*Id.* at ¶ 46]; Defendants Jennings and Hairston pepper spraying Denise Short while she was experiencing a mental health crisis [*Id.* at ¶ 24]; Unknown/unidentified MDOC employees' denial of Denise Short's explicit requests for mental health treatment [*Id.* at ¶ 47]; and Defendants Cain, Hunt, Hairston, and MDOC as a whole, participated in these violations as they were aware of the gross understaffing that lead to the failure to ensure proper suicide checks were made and that adequate medical treatment was given to inmates [*Id.* at ¶¶ 49-52]. These are specific allegations which show that Defendants violated the clearly established rights of Denise Short, and they are not allegations that constitute a "shotgun pleading."

Nonetheless, in the event this Court agrees with the MDOC Defendants in that Plaintiffs have filed a "shotgun pleading," the appropriate remedy is allowing Plaintiffs the opportunity to amend their Complaint rather than an outright dismissal. *See Lightheart v. The Salvation Army*, No. 3:23-CV-365-HTW-LGI, 2024 WL 4045473, at *2 (S.D. Miss. Sept. 4, 2024).

### III. MDOC, BURL CAIN, JOHN HUNT, AND TEREDA HAIRSTON ARE LIABLE FOR PLAINTIFFS' SUPERVISORY CLAIMS

The MDOC Defendants assert Defendants MDOC, Cain, Hunt, and Hairston are not liable for the "administrative" claims alleged against them in Plaintiffs' Complaint. As Defendants note,

7

supervisory liability in the § 1983 context can be established in a few ways, such as "if a sufficient connection exists between [the supervisor's] wrongful conduct and the constitutional violation" or when "supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." [Doc. #47, p. 16]. Defendants allege that Plaintiffs have failed to show any of these. However, again, this argument is without merit. Plaintiffs have alleged that Defendants MDOC, Burl Cain, John Hunt, and Tereda Hairston each "were aware of the deadly risks of 1) overuse of solitary confinement; 2) failure to provide preventative care to voiced suicide concerns; and 3) failure to ensure the required checks were completed relative to the inmates housed at [the subject] facility." [Doc. #17, ¶¶48-49]. Plaintiffs further alleged that these Defendants' inaction in the face of these known risks was directly connected to the death of Denise Short, and their inaction constituted a widespread policy in the Mississippi prison system. However, we do not have to rely only on Plaintiffs' allegations. The United States Department of Justice has clearly outlined these deficiencies. [Doc. #1-1]. The MDOC Defendants somehow argue that this report is irrelevant as the investigation was performed prior to the incarceration of Denise Short, citing as support a case that holds an untimely DOJ report as improper summary judgment evidence. [Doc. # 47, p. 18]. Nevertheless, the relevance of the subject DOJ report is palpable as the Plaintiffs have offered it as evidence to merely show that these individual MDOC officials were aware of the aforementioned deadly risks, which indeed proved to be deadly for Denise Short, and other MDOC incarcerated individuals. Plaintiffs have clearly pled that Defendants Cain, Hunt, and Hairston's wrongful conduct was connected to Denise Short's suicide, as well as their policy of inaction.

## **CONCLUSION**

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request this Court deny the MDOC Defendants' Motion to Dismiss, or in the alternative allow Plaintiffs an opportunity to amend their Complaint should this Court determine the same is necessary.

Respectfully submitted, this the 4th day of February, 2025.

THE ESTATE OF DENISE SHORT, BY AND THROUGH KIERRA CALHOUN, AS ADMINISTRATRIX AND KIERRA CALHOUN, ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DENISE SHORT

BY: */s/ E. Claire Scott*
David E. Rozier, Jr. (MSB #5712)
Jenessa Carter Hicks (MSB #103287)
Victor Bishop (MSB #106099)
E. Claire Scott (MSB #106519)
Rozier Legal
1328 North Lamar Blvd., Ste. 104
PO Box 2388
Oxford, MS 38655
Telephone: 662-214-5282
Email: dave@rozierlegal.com
jenessa@rozierlegal.com
vic@rozierlegal.com
claire@rozierlegal.com
*Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I, the undersigned, one of the attorneys of record for the Plaintiffs, do hereby certify that I have this day filed the foregoing pleading via ECF, which sent notice of such filing to all counsel of record.

      This the 4th day of February, 2025.

                                                   */s/ E. Claire Scott*
                                                   E. CLAIRE SCOTT