IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE ESTATE OF DENISE SHORT,
BY AND THROUGH KIERRA CALHOUN,
AS ADMINISTRATRIX, AND KIERRA CALHOUN,
ON BEHALF OF THE WRONGFUL DEATH
DENEFICIARIES OF DENISE SHORT                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:24-CV-00293-HTW-LGI

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
BURL CAIN, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES AS THE COMMISSIONER OF THE
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
JOHN HUNT, IN HIS INDIVIDUAL, ET AL                                     DEFENDANTS

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COME NOW, Defendants Mississippi Department of Corrections ("MDOC"), Commissioner Burl Cain, John Hunt, Tereda Hairston, Benjamin Jennings, and Angela Smith and reply to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss as follows:

### ARGUMENT

**I. Defendants are Entitled to Eleventh Amendment Immunity for all Claims Against them in their Official Capacities.**

To begin, Plaintiffs do not address Defendants argument that the claims against Defendants in their official capacities are barred by Eleventh Amendment immunity. For this reason, all allegations against Defendants made against them in their official capacities should be dismissed with prejudice.

## II. Defendants are Entitled to Qualified Immunity as Plaintiffs have Failed to Show that the named MDOC Defendants acted unreasonably at any Time Before Short's Suicide.

Plaintiffs have failed to meet their burden in overcoming Defendants' qualified immunity. "[O]nce properly raised by the defendant, the plaintiff has the burden to negate the assertion of qualified immunity." *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). "A plaintiff is required by his pleadings to state facts which, if proved, would defeat a claim of immunity." *Id.* "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

Plaintiffs fail to "plead specific facts" that any particular action by any named MDOC Defendant caused Short's suicide. *See McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). Plaintiffs must "plead their case with precision and factual specificity" against each Defendant. *Whitfield v. Mississippi Bureau of Narcotics*, No. 3:17CV987-HSO-JCG, 2019 WL 613493, at *5 (S.D. Miss. Feb. 13, 2019) (quoting *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003)). As Plaintiffs note in their Response, qualified immunity contains an objective component - whether the conduct of the defendants was objectively reasonable in light of that then clearly established law." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 326 (5th Cir. 1998). Once qualified immunity is raised, the burden shifts to Plaintiffs to show that Defendants acted

2

unreasonably. *See Adelsheimer v. Carroll Cnty., Mississippi*, 675 F. Supp. 3d 722, 729 (N.D. Miss. 2023).

Without any specific allegations against the named MDOC Defendants individually in either the Amended Complaint or in their Response [Dkt. 50], Plaintiffs have not demonstrated one single unreasonable act by those named MDOC Defendants. In their Response, Plaintiffs state:

> Denise Short explicitly told an unknown MDOC employee that she was going to commit suicide and this employee did nothing about it; the day before her suicide, Denise Short was placed in a segregation cell, which contained items that post a danger to her; neither the MDOC or VitalCore Defendants monitored Denise Short while she was in the segregation cell, even though they knew, or should have known, of Short's acute mental distress at that time . . . .

Dkt. 50 at 5.

Again, while these facts attribute specific actions to *unknown* MDOC employees, there is not a specific allegation, as it relates to Short's suicide, levied against the *named* MDOC Defendants. Plaintiffs have failed to sustain their burden by pleading specific facts that would permit a reasonable inference that the named MDOC defendants were liable for Short's suicide.

### III. Plaintiffs' Allegations are Shotgun Pleadings Against the MDOC Defendants.

Plaintiffs' claims are shotgun pleadings. "[Q]uintessential" shotgun pleadings fail to distinguish between the actions of named defendants. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Plaintiffs' claims, for instance, do not describe how John Hunt, former superintendent of the CMCF men's prison, participated in any

3

action against Short and/or how that action was any different than the action of Tereda Hairston, the superintendent of the CMCF women's prison. Such pleadings violate Fed. R. Civ. P. 8(a)(2). Shotgun pleadings also fall short where qualified immunity has been asserted, as Plaintiffs must identify specific facts and allegations made against each Defendant in his or her individual capacities.

> There are four types of complaints that conflict with Rule 8(a)(2):
>
>> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type ... is a complaint that ... [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Noting *Weiland*, Plaintiffs argue that they have satisfied the first two "types" of allegations identified in the case – that they do not adopt allegations of preceding counts and that their complaint is not replete with conclusory and immaterial facts. Dkt. 50 at 6. What they fail to account for is the third and fourth "types" of allegations identified in *Weiland*. As noted in the Motion to Dismiss, all named Defendants are categorized as "the Mississippi Department of Corrections," "Defendants," "employees of the Mississippi Department of Corrections." There is not one single allegation relating to Short's suicide against the individual MDOC Defendants.

4

Personal involvement is the key to establishing individual liability against an official under §1983, and Plaintiffs fail to establish this requirement. "When a government official is sued under Section 1983, the plaintiff must allege that the official was either personally involved in the deprivation or that his wrongful actions were causally connected to it." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (citation and internal quotation marks omitted). Thus, to allege a facially plausible § 1983 claim against a state official, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).[1] Importantly, in cases of suicide, federal courts are clear that each Defendant must have ""ha[ve] gained ***actual knowledge*** of the ***substantial risk of suicide*** and ***responded with deliberate indifference***." *Hare,* 74 F.3d 633 at 650 (emphasis added). Yet nowhere in Plaintiffs' Amended Complaint do they allege that the *named* MDOC officials had actual knowledge that there was a substantial risk of suicide with Short. Instead, again, Plaintiffs point to the specific knowledge of *unknown* John/Jane Does. *See* e.g. Dkt. 17 at ¶28 (allegation that Short told an unknown MDOC employee that she was going

---

[1] Attached to their initial Complaint, Plaintiffs attempt to use a DOJ Report to bolster their allegations against MDOC. Plaintiffs' reliance on the DOJ Report is misplaced as Short was never placed in restrictive housing for a "prolonged period of time." The DOJ Report does not fault CMCF with its use of restrictive housing. Instead, it addresses the use of prolonged isolation. Short was never subjected to prolonged isolation and Plaintiff's Amended Complaint contains no such allegations. The DOJ Report does not support Plaintiffs case and is completely irrelevant to the case. Furthermore, the DOJ Report does not mention any of the individuals named in this lawsuit and it has no bearing on those individual capacity claims against the named MDOC Defendants or their assertion of qualified immunity.

to kill herself); Dkt. 17 at ¶34 (unknown MDOC employee alleged to have viewed Short and concluded she was standing when she was hanging from a bedsheet). Knowledge of an unknown MDOC employee cannot be imputed to those MDOC employees named in this lawsuit. Similarly, the named MDOC Defendants cannot be liable for the actions of others under the doctrine of respondeat superior. *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D.Tex.1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir.1992)). Absent a showing of personal knowledge and personal involvement, the named MDOC Defendants cannot be liable for any damages arising from Short's suicide.

## CONCLUSION

For all these reasons, Defendants request that the Court grant their Motion to Dismiss and that this case be dismissed with prejudice, as the Defendants are all entitled to Eleventh Amendment Immunity and Qualified Immunity with respect to the claims made against them in their official capacities and individual capacities, respectively.

Respectfully submitted, this the 18th day of February, 2025.

    **MISSISSIPPI DEPARTMENT OF CORRECTIONS, BURL CAIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES AS COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS, JOHN HUNT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, and TEREDA HAIRSTON, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, BENJAMIN JENNINGS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND ANGELA**

SMITH, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES *Defendants*

**LYNN FITCH**
Attorney General of Mississippi

*/s/ James H. Hall*
Special Assistant Attorney General
Mississippi Bar No. 100303
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3815
E-mail: James.Hall@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which provided notice to all counsel of record.

This the 18th day of February 2025.

*/s/ James H. Hall*